John T. Gilbert, #004555
Steven G. Ford, #016492
**ALVAREZ & GILBERT**
Suite 300, The Citadel
2727 North Third Street
Phoenix, Arizona  85004
(602) 263-0203 (phone)
(602) 265-9480 (facsimile)

Of Counsel:
Jerry S. McDevitt, Esq., Pro hac vice
Curtis B. Krasik, Esq., Pro hac vice
Amy L. Barrette, Esq., Pro hac vice
**KIRKPATRICK & LOCKHART**
**NICHOLSON GRAHAM LLP**
The Henry Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania  15222
(412) 355-6500 (phone)
(412) 355-6501 (facsimile)

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ULTIMATE CREATIONS, INC., an Arizona corporation; WARRIOR and DANA WARRIOR, husband and wife,<br><br>Plaintiffs,<br>vs.<br><br>VINCENT K. McMAHON and LINDA McMAHON, husband and wife; TITAN SPORTS, INC., a Connecticut corporation; WORLD WRESTLING ENTERTAINMENT, INC., a Connecticut corporation,<br><br>Defendants. | Case No. CV06-00535-PHX-ROS<br><br>**MOTION TO DISMISS and MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**(Oral Argument Requested)** |

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendants Vincent K. McMahon, Linda McMahon, Titan Sports, Inc. and World Wrestling Entertainment, Inc. ("WWE"), respectfully move the Court to dismiss Plaintiffs' Complaint in its entirety against all Defendants on grounds that it fails to state a claim for which relief could be granted.

Defendants also move for partial summary judgment pursuant to Fed.R.Civ.P. 56, with respect to Count One of Plaintiffs' Complaint.

In the alternative, pursuant to Fed.R.Civ.P. 12(e), Defendants respectfully move the Court to enter an order requiring Plaintiffs to provide a more definite statement of their claims on grounds that the Complaint is so vague and ambiguous that Defendants cannot reasonably be required to form a responsive pleading.

This motion is supported by the following Memorandum of Points and Authorities, in addition to Defendants' Local Rule 56.1 Statement of Facts and Affidavit of Matthew H. Sepp, filed contemporaneously herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Plaintiff in this case is a former wrestler who performed for WWE many years ago. Back then, his real name was James Hellwig and he performed under the service marks of the Ultimate Warrior and/or simply Warrior. Hellwig, being unable to distinguish reality from the fictional character he once portrayed, eventually changed his name to Warrior.

WWE originally made Warrior into a star in the early 1990s. Even then, life was a war for him. His problems were many and great. Several times, WWE had to end its relationship with him due to problems caused, in part, by his inability to distinguish fantasy from reality. In or around 1996, WWE terminated Warrior for the last time based on multiple material breaches of his WWE booking contracts. The circumstances surrounding Warrior's final termination and disputes over certain intellectual property rights to the "Ultimate Warrior" and "Warrior" names and character triggered litigation which was eventually resolved by the settlement agreement embodied in the hearing transcript attached as Exhibit 1 to the Complaint (the "Settlement Agreement"). Since then, Warrior has had difficulty crafting an economic life, largely because he continues to believe that the character he played in a wrestling ring has relevance to the everyday life of mankind. As far as can be determined, his principal endeavor since settling his prior suit against WWE has been to try to

make money from a website on which various musing and rants about his Warrior philosophy can be found, including repeated disparagements of the WWE and Mr. McMahon in violation of the same non-disparagement provision of the Settlement Agreement he now sues WWE for allegedly violating. This suit, which at the core is frivolous in light of what he knows about his antecedent conduct, is but one of three reflecting his current war against the perceived evils being done him by the world.

In or around September 2005, long after Warrior had tossed aside the Settlement Agreement's non-disparagement provisions in various harangues against WWE, WWE produced a DVD home video product entitled, "The Self Destruction of the Ultimate Warrior." The DVD chronicles the rise and fall of Warrior's career with WWE. Dissatisfied with WWE's portrayal of his wrestling career on the DVD, Warrior sued WWE. Ironically, prior to the release of WWE's DVD, Warrior hired an independent film producer to do his version of his life's work and career. According to another suit filed in this Court by Warrior, the producer of the piece told Warrior that the portrayal would not be flattering, so he too got sued. See Ultimate Creations, Inc. v. Andrew Wright and Jane Doe Wright, Case No. CV05-3713-PHX-DKD in the United States District Court for the District of Arizona. Evidently, Warrior was unable to find anybody who would do a flattering piece about him even if paid to do so.

This action reeks of bad faith and frivolity. While seeking to punish WWE for its speech, Plaintiffs have not alleged so much as one specific statement whatsoever from the DVD on which their claims are based. Nowhere does Warrior identify any passage from the DVD said to be disparaging nor does he assert, as he must, that he complied with the non-disparagement provisions he now uses as a sword to sue WWE and its principals. Likewise, in defamation and false light counts, Plaintiffs fail to identify any specific statement whatsoever from the DVD that they claim is factually false, which is a prerequisite to Plaintiffs' asserted claims. Due to concerns of chilling the exercise of First Amendment rights, it is well settled that such First Amendment concerns should considered at the pleading stage. Plaintiffs' abject failure to identify the purported basis of their claims mandates

1 | dismissal of the Complaint as a matter of law.  In addition, Plaintiffs fail to allege <u>any</u>
2 | <u>conduct</u> supposedly committed by Vincent and Linda McMahon that cognizably could make
3 | them personally liable on the asserted claims, thus mandating the dismissal of the Complaint
4 | in its entirety as against the McMahons.  Similarly, Warrior's wife Dana is a nominal
5 | plaintiff.  The Complaint, however, does not allege that WWE has ever said one word about
6 | her at any time, so one can only guess why she is a plaintiff.  Accordingly, she should be
7 | dismissed as a plaintiff.

## II. LAW AND ARGUMENT

### A. Legal Standard

A complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) if "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Van Buskirk v. Cable News Network, Inc.</u>, 284 F.3d 977, 980 (9th Cir. 2002).  For purposes of this motion, only the well-pled factual allegations of the Complaint are assumed to be true.  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a Rule 12(b)(6) motion, this Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  <u>Cholla Ready Mix, Inc. v. Civish</u>, 382 F.3d 969, 973 (9th Cir. 2004).  <u>See</u> also <u>Schmier v. United States Court of Appeals for the Ninth Circuit</u>, 279 F.3d 817, 820 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences" will not defeat a motion to dismiss).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  <u>Balistreri</u>, 901 F.2d at 699.  To that end, the Court may not assume that a litigant can prove facts not alleged or that the defendant has violated laws in ways that the litigant has not pleaded.  <u>See</u> <u>Associated Gen. Contractors v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  With respect to a 12(b)(6) motion, federal law, not state law, governs the level of specificity with which Plaintiffs must plead in order to survive such a motion.  <u>See, e.g.</u>, <u>Varney v. R. J. Reynolds Tobacco Co.</u>, 118 F. Supp. 2d 63, 67 (D. Mass. 2000) ("Even in cases removed from state court, the adequacy of pleadings is measured by the federal rules.") <u>citing</u> <u>Hanna v. Plumer</u>, 380 U.S. 460 (1965).

**B.   Plaintiffs' Complaint Should Be Dismissed in Its Entirety Against Individual Defendants Vincent K. McMahon and Linda McMahon**

Plaintiffs' Complaint fails to state a claim against Vincent and Linda McMahon because there are no facts alleged on which they could be found personally liable. "To assert claims against individual defendants, a complaint must contain allegations indicating how the defendant violated the law or injured the plaintiff in order to survive a motion to dismiss." Silicon Knights v. Crystal Dynamics, 983 F. Supp. 1303, 1308 (N.D. Cal. 1997). Other than identifying the McMahons as: (i) husband and wife; (ii) residents of Connecticut; and (iii) parties to the Arizona lawsuit and subsequent Settlement Agreement (Compl. ¶ 3), the Complaint is completely devoid of any conduct whatsoever personally committed by Vincent or Linda McMahon.

Plaintiffs merely allege that "Defendants" (referring collectively to the McMahons and Titan Sports, Inc. n/k/a World Wrestling Entertainment, Inc.) "made and released" the DVD (Compl. ¶ 18). However, when a "complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss in regard to that defendant should be granted." Id. See also Alfaro Motors v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (complaint "fatally defective" because plaintiff failed to allege that individual defendants were directly and personally responsible for the purported unlawful conduct). Here, the Complaint contains no specific allegations whatsoever of actionable conduct by either McMahon. Absent any attempt to satisfy such requirements, it is regrettably obvious that the inclusion of the McMahons as defendants in this case is harassment. For this reason, in addition to those set forth below, this Court should dismiss all claims against Vincent and Linda McMahon.

**C.   Plaintiffs' Breach of Contract Claim Against All Defendants Fails Because Plaintiffs Do Not And Cannot Plead That They Have Complied with the Settlement Agreement**

To satisfy the pleading requirements of the Federal Rules of Civil Procedure, "[a] breach of contract complaint must allege: (1) the existence of a valid and binding contract; (2) **that plaintiff has complied with the contract and performed his own obligations under**

5

it; and (3) breach of that contract causing damages." Persson v. Scotia Prince Cruises, 330 F.3d 28, 34 (1st Cir. 2003) (emphasis added), citing 5 Charles Alan Wright, Arthur R. Miller, Federal Practice & Procedure § 1235, at 268-70 (2d ed. 2002); Pierce v. Montgomery County Opportunity Bd., 884 F. Supp. 965, 970 (E.D. Pa. 1995). Indeed, "[a]n essential allegation of a complaint based upon a breach of contract is that the plaintiff performed all contractual conditions required of him." Redfield v. Cont'l Cas. Corp., 818 F.2d 596, 610 (7th Cir. 1987) Failure to plead this "essential allegation" mandates dismissal as a matter of law. Redfield, 818 F.2d at 610 (affirming dismissal on Rule 12(b)(6) motion to dismiss because of plaintiff's failure to allege compliance with conditions precedent under contract); S. O. Textiles Co. v. A & E Prods. Group, 18 F. Supp. 2d 232, 238 (E.D.N.Y. 1998) (granting Rule 12(c) motion on pleadings because plaintiff "failed to allege that it actually performed its obligations" under contract); Hoopla Sports & Entm't v. Nike, Inc., 947 F. Supp. 347, 357 (N.D. Ill. 1996) (granting Rule 12(b)(6) motion to dismiss because plaintiff failed to allege that it "performed its obligations under the contract and any conditions precedent"); R. H. Damon & Co. v. Softkey Software Prods., 811 F. Supp. 986, 991 (S.D.N.Y. 1993) (granting Rule 12(b)(6) motion to dismiss because of plaintiffs' failure to allege "due performance" under contract).

Fatally, Plaintiffs do not allege, and, as demonstrated below, cannot in good faith allege, that they complied with the non-disparagement provisions of the Settlement Agreement at all times prior to September 2005, the publication date of the DVD in question.

**D.   Defendants Also Are Entitled to Summary Judgment as a Matter of Law on Count One of Plaintiffs' Complaint Because There Is No Genuine Issue of Material Fact That Warrior Breached the Provisions of the Settlement Agreement Prior to the Release of the DVD**

Arizona recognizes the "well-established doctrine in the law of contracts that a person who has himself substantially broken a contract cannot recover on it." Kammert Bros. Enters. v. Tanque Verde Plaza Co., 420 P.2d 592, 607 (Ariz. Ct. App. 1966), vacated on other grounds, 428 P.2d 678 (Ariz. 1967). Thus, Warrior's antecedent breaches of the Settlement

Agreement preclude him from now asserting a breach of contract claim against Defendants.[1] See In re Country World Casinos, 181 F.3d 1146, 1150 (10th Cir. 1999) ("[A] party to a contract cannot claim its benefits where he is the first to violate its terms."); Kvaerner U.S. v. Hakim Plast Co., 74 F. Supp. 2d 709, 720-21 (E.D. Mich. 1999) (a "party who commits the first substantial breach of contract cannot maintain an action against the other contracting party for failure to perform."); Info. Commc'n Corp. v. Unisys Corp., 181 F.3d 629, 632 (5th Cir. 1999) ("[A] party to a contract who is himself in default cannot maintain a suit for [breach of contract]."); Jessup-Morgan v. Am. Online, 20 F. Supp. 2d 1105, 1108-09 (E.D. Mich. 1998) ("[W]hen initial breach is substantial, the party who breaches a contract first is barred from maintaining an action against another contracting party for its subsequent breach of, or failure to perform under, the contract."); Wood County Airport Auth. v Crown Airways, 919 F. Supp. 960, 968 (S.D. W.Va. 1996) ("A party's failure to perform its own obligations precludes recovery against another party for breach of contract."); 14 Samuel Williston & Richard A. Lord, Williston on Contracts § 43:5 (4th ed. 2005) (party that initially breaches a contract "cannot recover for the subsequent failure of the other party to perform").[2]

As set forth in Defendants Statement of Facts ("Stat. of Facts"), beginning as early as June 6, 2002 and continuing through July 2005, Warrior repeatedly breached the Settlement Agreement by publishing disparaging remarks about Titan, WWE and the McMahons on his personal internet website (Stat. of Facts, ¶¶ 4, 7-45). Warrior also breached the confidentiality provision of the Settlement Agreement by publishing specific terms of the agreement on his internet website (Stat. of Facts, ¶¶ 5-6, 31-32). Warrior's repeated breaches

---

[1] A detailed recitation of Plaintiff Warrior's antecedent breaches of the Settlement Agreement is contained in Defendants' Local Rule 56.1 Statement of Facts, support for which is attached to the Affidavit of Matthew H. Sepp, both filed contemporaneously herewith.

[2] Consistent with this law, many courts require that a plaintiff must first prove that he performed his obligations under the contract before prevailing on a breach of contract claim. See Pavlovich v. Nat'l City Bank, 435 F.3d 560, 565 (6th Cir. 2006) ("To establish a breach of contract, a plaintiff must show that … the plaintiff performed …."); Altimore v. Mount Mercy Coll., 420 F.3d 763, 770 (8th Cir. 2005) (same); Burrell v. City of Mattoon, 378 F.3d 642, 651 (7th Cir. 2004) (same); Sport Supply Group v. Columbia Cas. Co., 335 F.3d 453, 465 (5th Cir. 2003) (same); First Investors Corp. v. Liberty Mut. Ins. Co., 152 F.3d 162, 168 (2d Cir. 1998) (same).

occurred years prior to the release of the DVD in question and, therefore, it is simply untenable for Plaintiffs to seek relief of any sort based upon provisions and terms of the Settlement Agreement which they so blatantly discarded.  Because there is no genuine issue of material fact that Warrior breached the Settlement Agreement by publishing: (i) disparaging remarks about Titan, WWE and the McMahons; and (ii) specific terms of the Settlement Agreement on his internet website prior to the publication of the DVD, Defendants are entitled to judgment as a matter of law on Count One of Plaintiffs' Complaint.[3]

**E.      Plaintiffs' Defamation Claim Against All Defendants Fails as a Matter of Law**

   **1.      Plaintiffs' Defamation Claim Is Defective Because Plaintiffs Fail to Allege Any Specific Defamatory Statement**

Plaintiffs' defamation claim is defective because it fails to identify any specific false and defamatory statement on the DVD.  To state a claim for defamation under Arizona law, one who is not a public figure must allege:  (i) a false and defamatory statement concerning the plaintiff; (ii) an unprivileged publication to a third party; (iii) fault amounting at least to negligence on the part of the publisher;[4] and (iv) actionability of the statement either due to special harm caused by the publication or irrespective of special harm given the nature of the allegation.  See Fillmore v. Maricopa Water Processing Sys., 120 P.3d 697, 705 (Ariz. Ct. App. 2005).  "To be defamatory, a publication must be false and must bring the defamed person into disrepute, contempt, or ridicule, or must impeach plaintiff's honesty, integrity,

---

[3] Pursuant to Fed.R.Civ.P. 56(c), a party defending against a claim may move, at any time, for "partial summary judgment," that is, "summary judgment in the party's favor as to . . . any part thereof."  Bauerlein v. Equity Residential Properties Mgmt. Corp., No. Civ 04-1904-PHX-SMM, 2006 WL 343231, at *1 (D. Ariz. Feb. 14, 2006).  Summary judgment must be granted "if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, 'show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  Id. (internal quotations omitted), citing Fed.R.Civ.P. 56(c).

[4] Because Warrior is a public figure, as described more fully in Section E.2 below, the Complaint must allege that Defendants acted with "actual malice," meaning "knowledge that [a statement] was false" or a "reckless disregard of whether it was false or not."  Flowers v. Carville, 310 F.3d 1118, 1129 (9th Cir. 2002), quoting New York Times Co. v. Sullivan, 376 U.S. 245, 280 (1964).  Although Plaintiffs allege that Defendants "published the DVD knowing it contained false material," they have not properly alleged the actual malice standard established by New York Times.

virtue, or reputation." Turner v. Devlin, 848 P.2d 286, 288-89 (Ariz. 1993) quoting Godbehere v. Phoenix Newspapers, Inc., 783 P.2d 781, 787 (Ariz. 1989).

First Amendment concerns are to be addressed at the pleadings stage. Flowers v. Carville, 310 F.3d 1118, 1130 (9th Cir. 2002). Because "the mere pendency of [a defamation] action will chill the exercise of First Amendment rights," defamation "requires more specific allegations than would otherwise be required" under the Federal Rules of Civil Procedure. Id. "[T]he words alleged to be defamatory must be pleaded and proved." Holliday v. Great Atl. & Pac. Tea Co., 256 F.2d 297, 302 (8th Cir. 1958); see also Pope v. ESA Servs., 406 F.3d 1001, 1011 (8th Cir. 2005) (affirming the dismissal where complaint contains "no specific facts" regarding the alleged defamation); Freeman v. Bechtel Constr. Co., 87 F.3d 1029, 1031 (8th Cir. 1996) (complaint must set forth alleged defamatory statements to enable defendant to form responsive pleadings); Phantom Touring, Inc. v. Affiliated Publ'ns, 953 F.2d 724, 728 n.6 (1st Cir. 1992) ("[A] defendant is entitled to knowledge of the precise language challenged as defamatory . . . ."); Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 763 (2d Cir. 1990) (defamation claims fail as a matter of law because plaintiff failed to plead adequately "the actual words spoken"); McGeorge v. Cont'l Airlines, 871 F.2d 952, 955-56 (10th Cir. 1989) ("[I]n the context of a defamation claim, Fed.R.Civ.P. 8(a) requires that the complaint provide sufficient notice of the communications complained of to allow [the defendant] to defend itself."); Kelly v. Schmidberger, 806 F.2d 44, 46 (2d Cir. 1986) (same); Taylor v. Foremost-McKesson, Inc., 656 F.2d 1029, 1033 (5th Cir. 1981) (allegations of defamation fail when "[t]hey only allege the intent of defendants and the damages suffered"); Joyce v. Alti Am., Inc., No. CIV. A. 00-5420, 2001 WL 1251489, at *3 (E.D. Pa. Sept. 27, 2001) (motion to dismiss granted because complaint failed to set forth the substance of the alleged defamatory statements).

Courts in this circuit have consistently dismissed claims pursuant to Rule 12(b)(6) for failing to plead the alleged defamatory statements with specificity. See Keiser v. Lake County Super. Ct., No. C05-02310 MJJ, 2005 WL 3370006, at *14 (N.D. Cal. Dec. 12, 2005) (defamation claim dismissed as a result of plaintiff's failure to identify which defendant made

defamatory statements, when statements were made, the form of the statements, or to whom statements were made); Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1215-17 (C.D. Cal. 2004) ("[B]ecause the plaintiff fails to identify and state the substance of the allegedly defamatory statement, the defamation claim is insufficient."); Marks v. City of Seattle, No. C03-1701, 2003 WL 23024522, at * 3 (W.D. Wash. Oct. 16, 2003) (motion to dismiss defamation claim granted because plaintiff failed to identify with specificity any defamatory statements); Silicon Knights, 983 F. Supp. at 1314 (general allegations that do not identify the substance of what was stated by defendants insufficient to support cause of action for defamation); Chabra v. S. Monterey County Mem'l Hosp., Civ. No. C 94-20335 EAI, 1994 WL 564566, at * 7 (N.D. Cal. Oct. 3, 1994) (general allegations that defendants defamed plaintiff are insufficient to support defamation claim).

In violation of these elementary pleading standards, Plaintiffs fail to allege any specific false and defamatory statement. Indeed, Plaintiffs' imprecise and conclusory allegation—the only substantive allegation in their defamation claim—that the DVD "contained false material, including the title," (Compl. ¶ 26) plainly fails to identify "the particular words" on the DVD underlying their defamation claim.[5] The District Court of Washington's opinion in Marks v. City of Seattle is particularly germane to the issue before this Court. In Marks, the plaintiff alleged that certain television broadcasts were defamatory without identifying "with specificity any statements in the broadcasts that were defamatory." Marks, 2003 WL 23024522, at *3. Because "Plaintiffs' allegations fail[ed] to state with specificity the alleged defamatory statements," the court granted the defendant's Rule

---

[5] Plaintiffs' apparent claim that the title of the DVD, "The Self Destruction of the Ultimate Warrior," is defamatory particularly fails as a matter of law. On a motion to dismiss, it is for the court to determine as a matter of law whether a statement is actionable in the first instance. Knievel v. ESPN, 393 F.3d 1068, 1073 (9th Cir. 2005). Statements of opinion "that do not apply facts capable of being proved or disproved . . . are not actionable." Conant v. Dobbins, No. CV1999-006013, 2001 WL 1250271, at * 2 (Ariz. May 28, 2001); see also Knievel, 393 F.3d at 1074. Similarly, "mere rhetorical hyperbole is not actionable." Flowers, 310 F.3d at 1127 (finding that "generic invective" like trash, crap and garbage cannot be defamatory); Conant, 2001 WL 1250271, at * 2 (comments that "are merely rhetoric or hyperbole . . . do not constitute defamation"). "The law provides no redress for harsh name-calling." Flowers, 310 F.3d at 1127. Because the title of the DVD cannot reasonably be interpreted as fact and, in any event, is nothing more than mere rhetorical hyperbole, the claim must be dismissed.

12(b)(6) motion to dismiss. Id.  Equally, here, this Court should dismiss Plaintiffs' defamation claim for failing to identify any specific statement asserted in the DVD that they claim is defamatory.

By failing to identify the allegedly defamatory statements at issue, Plaintiffs similarly fail to meet their pleading burden of establishing that the allegedly actionable statements are "reasonably capable of sustaining a defamatory meaning" and are not mere "comment within the ambit of the First Amendment." See Knievel v. ESPN, 393 F.3d 1068, 1073-74 (9th Cir. 2005) (to survive 12(b)(6) motion to dismiss, plaintiffs required to establish that statements were "reasonably capable of sustaining a defamatory meaning" and that they were not mere "comment within the ambit of the First Amendment").  In light of these fundamental defects, particularly given the First Amendment concerns inherent in all defamation actions, Plaintiffs' defamation claim must be dismissed against all Defendants.

### 2. Plaintiffs' "Per Quod" Defamation Claim Must Be Dismissed for Failing to Allege Special Damages with Particularity

Regardless of whether analyzed under libel or slander law, Plaintiffs' defamation claim is additionally defective because it fails to allege special damages.

Slander can either be "per se" or "per quod." Boswell v. Phoenix Newspapers, Inc., 730 P.2d 178, 183 n.4 (Ariz. Ct. App. 1985); Modla v. Parker, 495 P.2d 494, 496 (Ariz. Ct. App. 1972).  Slander per se consists of four limited categories of statements: (1) statements which charge a person with a contagious or venereal disease; (2) statements which charge that a woman is not chaste; (3) statements which tend to injure a person in his or her profession, trade or business; or (4) statements which impute the commission of a crime involving moral turpitude.  See, e.g., Boswell, 730 P.2d at 183 n.4.  Plaintiffs have failed to plead any per se slander.  Any statement that does not fall under one of these four per se categories is slander per quod.  See id.  "[S]lander per quod is not actionable unless pecuniary damages are pled and proved."  Id.; see also Perry v. Apache Junction Elementary Sch. Dist. # 43 Bd. of Trs., 514 P.2d 514, 516 (Ariz. Ct. App. 1973) ("Since appellant failed to plead special damages the

counts were properly dismissed."). When pleading special damages, the federal rules require that the damages be "specifically stated." See Fed.R.Civ.P. 9(g).

As with slander, Arizona law recognizes two types of libel: libel per se and libel per quod. See Ilitzky v. Goodman, 112 P.2d 860, 862-63 (Ariz. 1941); Boswell, 730 P.2d at 183 n.4; Berg v. Hohenstein, 479 P.2d 730, 731-32 (Ariz. Ct. App. 1971). A statement is libelous per se if, on its face and without the aid of any extrinsic matter, the statement falsely impeaches one's honesty, integrity, or reputation or exposes one to public hatred, contempt or ridicule. See id. A statement is libelous per quod if it can only be considered libelous by reason of extrinsic information or circumstances. See id. When a statement is libelous per quod, special damages must be pled and specifically stated. See Berg, 479 P.2d at 732; Fed.R.Civ.P. 9(g).

Because Plaintiffs fail to identify any specific statement underlying their defamation claim, Plaintiffs have not established that the allegedly actionable statements, on their face, fall within the narrow categories of speech cognizable as libel or slander per se. Necessarily, therefore, Plaintiffs' defamation claim is per quod and Plaintiffs are required to specifically plead special or pecuniary damages arising from the allegedly actionable statements. To be sure, Plaintiffs fail to plead any special damages—let alone with the particularity required under Fed.R.Civ.P. 9(g). By failing to properly plead a per se claim and failing to specifically allege any special damages, Plaintiffs' defamation claim is defective under Arizona law and must be dismissed against all Defendants.

**F.    Plaintiffs Fail to State a Claim for False Light Invasion of Privacy**[6]

Although captioned as a second cause of action for "defamation," Plaintiffs' third claim for relief appears to allege a claim for false light invasion of privacy ("false light"). The tort of "false light" is a subspecies of Arizona's invasion of privacy law. See Godbehere,

---

[6] Plaintiffs' third claim for relief appears to be brought on behalf of all Plaintiffs, however, the false light invasion of privacy tort is unavailable to corporations under Arizona law. See Reed v. Real Detective Publ'g Co., 162 P.2d 133, 139 (Ariz. 1945) (gravamen of a privacy action is the "injury to the feelings of the plaintiff, the mental anguish and distress" caused by a publication). Accordingly, the false light claim purportedly asserted by Ultimate Creations must be dismissed.

783 P.2d at 784-86.  Under Arizona law, "[o]ne who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of privacy if:  (a) the false light in which the other was placed would be highly offensive to a reasonable person; and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."  Id. at 784.  The publicity must be "unreasonably offensive" and attribute "false characteristics," which "must involve 'a major misrepresentation of [the plaintiff's] character, history, activities or beliefs,' not merely minor or unimportant inaccuracies."  Id. at 787.

### 1. Plaintiffs' False Light Claim Is Defective Because Plaintiffs Fail to Allege the Specific Statements That Place Warrior in a "False Light"

"False light, like defamation, requires at least an implicit false statement of objective fact."  Flowers, 310 F.3d at 1132.  "[A]n invasion of privacy by false light action is subject to the same specificity requirements as a defamation action."  Croslan v. Housing Auth. of New Britain, 974 F. Supp. 161, 171 (D. Conn. 1997).  To state a cause of action for false light, therefore, the plaintiff must allege the specific statements that placed the plaintiff in false light.  See, e.g., Mazur v. Szporer, No. Civ.A. 03-00042 (HHK), 2004 WL 1944849, at * 6 (D.D.C. June 1, 2004) ("In order to satisfy the most basic element of a false light cause of action, there must be some allegation that a specific statement was false."); Dresbach v. Doubleday & Co., 518 F. Supp 1285, 1292 (D.D.C. 1981) (plaintiff required to specify precise passages in book alleged to invade plaintiff's privacy and place him in false light); Hurst v. Capital Cities Media, 754 N.E.2d 429, 433 (Ill. App. Ct. 2001) ("Absent some allegation as to what specific statement was false, a claim based on false-light invasion of privacy fails to satisfy a basic element of the cause of action.").

As with their defective defamation claim, Plaintiffs' Complaint does not identify any specific statement that placed Warrior in a false light.  Plaintiffs' conclusory allegations that: (1) the DVD "placed Warrior in a false light highly offensive to a reasonable person," and (2) "[t]he DVD contains major misrepresentations of Warrior's character, history, activities or beliefs" (Compl. ¶¶ 29-30), provide Defendants with no notice of what supposedly placed

Warrior in a false light claim or what that false light supposedly was.  Accordingly, Plaintiffs' false light claim must be dismissed against all Defendants.

> **2.  Plaintiffs' False Light Claim Fails as a Matter of Law Because Warrior Is a "Public Figure" and Thus Does Not Possess a Right of Privacy**

With respect to a false light claim, like other invasion of privacy torts, "the right of privacy does not exist 'where the plaintiff has become a public character.'"  Godbehere, 783 P.2d at 789, quoting Reed v. Real Detective Publ'g Co., 162 P.2d 133 (Ariz. 1945).

"Public figures" are those who "have assumed roles of especial prominence in the affairs of society."  Gertz v. Welch, 418 U.S. 323, 345 (1974).  In general, actors, entertainers, and professional athletes are public figures.  See Cepeda v. Cowles Magazines & Broad, 392 F.2d 417, 419 (9th Cir. 1968) ("[Public] figures are, of course, numerous and include artists, athletes, business people, dilettantes, anyone who is famous or infamous because of who he is or what he has done."); see also Marcone v. Penthouse Int'l Magazine for Men, 754 F.2d 1072, 1083 (3d Cir. 1985) ("[S]ports figures are generally considered public figures because of their position as athletes or coaches."); Brewer v. Memphis Publ'g Co., 626 F.2d 1238, 1255 (5th Cir. 1980) (finding "[e]ntertainers (and sports figures as entertainers)" to be public figures); Chuy v. Philadelphia Eagles Football Club, 595 F.2d 1265, 1280 (3d Cir. 1979) ("Professional athletes, at least as to their playing careers, generally assume a position of public prominence."); Rodriquez v. Torres Martir, 394 F. Supp. 2d 389, 393 (D. Puerto Rico 2005) (finding internationally known media personality to be a public figure); Carafano v. Metrosplash.com, Inc., 207 F. Supp. 2d 1055, 1071-72 (C.D. Cal. 2002) ("The Court notes that it is further persuaded by case law which support the notion that actors and entertainers are public figures."); Bell v. Associated Press, 584 F. Supp. 128, 130 (D.D.C. 1984) ("Professional athletes, including football players, have frequently been held to be public figures."); Carlisle v. Fawcett Publ'ns, Inc., 201 Cal. App. 2d 733, 746-47 (Cal. Ct. App. 1962) (labeling as public figures actors and actresses, professional athletes, public officers, noted inventors, explorers and war heroes).  "If a position is so prominent that

its occupant unavoidably enters the limelight, then a person who voluntarily assumes such a position may be presumed to have accepted public figure status." Marcone, 754 F.2d at 1083.

In this case, there can be no dispute that Warrior is a "public figure" through his notoriety as a performer on WWE television programs, in live events around the world, and as featured on WWE licensed merchandise. See Carafano, 207 F. Supp. 2d at 1070-71 (finding plaintiff to be a public figure because she was a "successful actress who work[ed] in television, motion pictures, and live theater," and whose "character was so popular that it was the subject of an action figure and a trading card"). Indeed, the gravamen of this lawsuit is a retail DVD chronicling Warrior's wrestling career, which by definition assumes that the public knows of Warrior and has interest in purchasing a DVD about his wrestling career. It is axiomatic that the subject of such a DVD is a "public figure." Because the DVD relates to Warrior's performance of his public life (i.e., his wrestling career with WWE), the DVD and any statements asserted therein cannot give rise to a false light claim as a matter of law.

## G.  **Plaintiffs Fail to State a Claim for Declaratory Judgment**

Plaintiffs' fourth claim for relief for a declaratory judgment must be dismissed because Plaintiffs fail to allege an actual, justiciable controversy over which the Court has jurisdiction to issue declaratory relief. Pursuant to the Declaratory Judgment Act, the Court may "declare the rights and other legal relations" of parties only to a "case of actual controversy." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. ESI Ergonomic Solutions, LLC, 342 F. Supp. 2d 853, 862 (D. Ariz. 2004). The "'existence of a sufficiently concrete dispute between the parties remains . . . a jurisdictional predicate to the vitality of' a declaratory judgment case." True Center Gate Leasing v. Sonoran Gate, LLC, 402 F. Supp. 2d 1093, 1096 (D. Ariz. 2005). "The party seeking the declaration bears the burden of establishing justiciability." Nat'l Union Fire Ins. Co., 342 F. Supp. 2d at 862. A declaratory judgment action is "justiciable if 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Seattle Audubon Soc'y v. Moseley, 80 F.3d 1401, 1405 (9th Cir. 1996).

Plaintiffs' Complaint appears to seek a declaratory judgment that "Warrior and Ultimate Creations owns [sic] all the trademarks and service marks associated with the Ultimate Warrior and Warrior character." However, the Complaint does not allege, because it cannot allege, that there is a dispute between the parties on this issue. The Settlement Agreement sets forth the respective trademark rights of the parties relative to the Ultimate Warrior and Warrior character and, in fact, there has been no dispute and certainly no claim between the parties with respect to such trademark rights since the Settlement Agreement was executed approximately six years ago. As alleged, Plaintiffs' declaratory judgment claim is an improper attempt to obtain some ill-defined advisory opinion regarding issues about which there is no controversy. The claim, therefore, is defective and must be dismissed.

**H.   Plaintiffs' Request for Injunctive Relief Is an Improper Remedy and Should Be Stricken**

In Paragraph "E" of Plaintiffs' Prayer for Judgment, Plaintiffs demand "that all footage, notes, films, disks, tapes and all materials produced in this project that resulted in the DVD be turned over to Ultimate Creations and Warrior and Defendants not keep or distribute any copies." However, Plaintiffs have not pled a cause of action that would entitle them to seek such relief. It is not an available remedy to any of the causes of action asserted in the Complaint. Substantively, moreover, such injunctive relief would be manifestly improper as, under the United States Copyright Act, WWE is the author and thus exclusive owner of all rights in and to the materials described in Paragraph E. See 17 U.S.C. §§ 106 & 201. Conversely, Plaintiffs have no plausible claim to such materials whatsoever. Accordingly, the relief sought in Paragraph "E" is entirely improper and must be dismissed.[7]

**I.   Plaintiffs Should Be Required to Provide a More Definite Statement**

Assuming *arguendo* the Court does not grant Defendants' Motion to Dismiss for the reasons described above, pursuant to Fed.R.Civ.P. 12(e), Plaintiffs at a minimum should be

---

[7] All of Plaintiffs' claims purport to be asserted by Dana Warrior in addition to Warrior and Ultimate Creations, Inc. However, the Complaint is devoid of any allegation that Dana Warrior was defamed, disparaged, placed in a false light and/or otherwise suffered any injury arising out of Defendants' alleged conduct. Thus, all claims asserted by Dana Warrior must be dismissed.

required to provide a more definite statement of their claims.  Rule 12(e) provides for a more definite statement when a pleading to which a responsive pleading is required is so vague or ambiguous that a party cannot reasonably be required to form a responsive pleading.

As set forth above, Plaintiffs fail to plead:  (i) any facts to demonstrate how individual Defendants Vincent K. McMahon and Linda McMahon violated the law or injured the Plaintiff; (ii) any false statements that Plaintiffs consider to be actionable under a defamation theory of liability; or (iii) any false statements that allegedly place Warrior in a "false light"; and (iv) any facts that evidence a justiciable controversy that would warrant a declaratory judgment.  At the very least, the Plaintiffs should be required to amend their Complaint and provide a more definite statement to enable Defendants to form a responsive pleading.

### III.  CONCLUSION

For all of the foregoing reasons, Defendants' motion to dismiss should be granted and this Court should dismiss Plaintiffs' Complaint in its entirety with prejudice.  Based on the submissions filed contemporaneously herewith, Defendants respectfully submit that they are entitled to summary judgment with respect to Count One.  In the alternative, Plaintiffs should

/ / /

/ / /

1  be required to provide a more definite statement of any claims surviving outright dismissal to
2  enable Defendants to form a responsive pleading.
3        RESPECTFULLY SUBMITTED this 6th day of March, 2006.

      ALVAREZ & GILBERT

      By s/JTG#004555
      John T. Gilbert, #004555
      Steven G. Ford, #016492
      Suite 300, The Citadel
      2727 North Third Street
      Phoenix, Arizona 85004
      (602) 263-0203 (phone)
      (602) 265-9480 (facsimile)

      Of Counsel:
      Jerry S. McDevitt, Pro hac vice
      Curtis B. Krasik, Pro hac vice
      Amy L. Barrette, Pro hac vice
      KIRKPATRICK & LOCKHART
      NICHOLSON GRAHAM LLP
      The Henry Oliver Building
      535 Smithfield Street
      Pittsburgh, Pennsylvania 15222
      (412) 355-6500 (phone)
      (412) 355-6501 (facsimile)

COPY of the foregoing mailed*/delivered**
this 6TH day of March, 2006, to:

Daniel D. Maynard, Esq.*
Michael D. Curran, Esq.*
MAYNARD CRONIN ERICKSON
CURRAN & SPARKS, PLC
1800 Great American Tower
3200 North Central Avenue
Phoenix, Arizona 85012
Attorneys for Plaintiffs


By: s/JTG#004555

18