John T. Gilbert, #004555
Steven G. Ford, #016492
**ALVAREZ & GILBERT**
Suite 300, The Citadel
2727 North Third Street
Phoenix, Arizona  85004
(602) 263-0203 (phone)
(602) 265-9480 (facsimile)

Of Counsel:
Jerry S. McDevitt, Esq., Pro hac vice
Curtis B. Krasik, Esq., Pro hac vice
Amy L. Barrette, Esq., Pro hac vice
**KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP**
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania  15222
(412) 355-6500 (phone)
(412) 355-6501 (facsimile)

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ULTIMATE CREATIONS, INC., an Arizona corporation; WARRIOR and DANA WARRIOR, husband and wife,<br><br>Plaintiffs,<br>vs.<br><br>VINCENT K. McMAHON and LINDA McMAHON, husband and wife; TITAN SPORTS, INC., a Connecticut corporation; WORLD WRESTLING ENTERTAINMENT, INC., a Connecticut corporation,<br><br>Defendants. | **Case No. CV06-00535-PHX-ROS**<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO ARIZONA STATE COURT** |

Defendants Vincent K. McMahon, Linda McMahon, Titan Sports, Inc. and World Wrestling Entertainment, Inc. ("WWE") (collectively "Defendants") respectfully submit this response in opposition (the "Opposition") to Plaintiffs' motion to remand this action to the

Superior Court of Arizona in and for the County of Maricopa ("Arizona State Court"). This Opposition is supported by the following Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs' Motion to Remand improperly attempts to thwart Defendants' constitutional right to defend this suit in federal court. Contrary to the narrow and limited circumstances under which a case can be remanded to state court, Plaintiffs' Motion to Remand significantly does not dispute this Court's proper subject matter jurisdiction over this action or contend that Defendants' exercise of their right of removal was in any way procedurally defective. Instead, Plaintiffs claim that Defendants supposedly agreed to the exclusive jurisdiction of the Arizona State Court thereby waiving their right to remove. Fatally, however, Plaintiffs cannot point to any purported agreement among the parties that affirmatively waives Defendants' right of removal or confers exclusive jurisdiction on the Arizona State Court. In the absence of such a "clear and unequivocal" agreement to waive Defendants' right to remove, Plaintiffs' Motion to Remand fails as a matter of law.

### II. BACKGROUND

Plaintiffs' Motion to Remand deceptively mischaracterizes the purported "agreement" at issue. As set forth in Defendants' Local Rule 56.1 Statement of Facts in Support of Defendants' Motion to Dismiss and Motion for Partial Summary Judgment (the "Statement of Facts"), on March 3, 2000, the parties entered into a settlement agreement to resolve their prior litigation (the "First Action"), which was embodied in the hearing transcript attached to Plaintiffs' Complaint as Exhibit 1 (the "March 3, 2000 hearing transcript").[1] The parties' settlement agreement as embodied in the March 3, 2000 hearing transcript is defined by Plaintiffs' Motion to Remand as "the Agreement" (Motion, p. 2).

---

[1] Although the parties discussed entering into a formal, written settlement agreement, no such document was ever signed or agreed to as a result of disputes between the parties as to the terms of such agreement.

As part of the settlement agreement, Defendants agreed to deposit $90,000 into an escrow account held by the Arizona State Court to be paid to Plaintiffs the following year (2001) if the Plaintiffs complied with the confidentiality provision of the settlement agreement (Compl., Ex. 1, p. 4). In this connection, the parties' only reference to the Arizona State Court's jurisdiction in the March 3, 2000 hearing transcript is Plaintiffs' counsel's statement that the Court "shall retain jurisdiction to hear <u>any application by Titan Sports</u> that plaintiffs have [breached] the confidentiality provision" (Compl., Ex. 1, p. 4) (emphasis added). There was no other agreement as to the Court's continuing jurisdiction, and certainly no agreement to grant the Court "exclusive" jurisdiction for any matter related to the settlement agreement or indeed for any potential future actions brought <u>by the Plaintiffs</u>.[2]  In particular, there is no basis in the record for Plaintiffs' bald claim that "the Parties entered into a forum selection clause in the Agreement [i.e., the March 3, 2000 hearing transcript] by agreeing that the Arizona State Court had exclusive jurisdiction to decide if there were violations of the Agreement" (Motion, p. 3). Plaintiffs self-servingly created that concept out of whole cloth.

Subsequently, the parties stipulated to entry of the Arizona State Court's June 25, 2001 Order (attached to Plaintiffs' Motion to Remand as Exhibit 1) that provided, among other things, that the Arizona State Court "shall retain continuing jurisdiction over said parties and this matter to adjudicate any alleged claims of breach of the parties' confidential settlement agreement pursuant to which the referenced litigation was resolved." The Order plainly does not provide for exclusive jurisdiction of the State Court, nor does it refer to any cause of action other than breach of the settlement agreement.

---

[2] The only other reference to potential future actions in the March 3, 2000 hearing transcript, which provides additional support for Defendants' position, was the Court's statement that "[i]f there's an alleged breach at some later date, and someone wants to come into court and allege it and prove it, and prove the damages – like any other contract, if there's a breach, then folks can do what they want to do with it" (Compl. Ex. 1, [March 3, 2000 hearing transcript] at 9).

On this record, the parties' only purported agreement concerning the Arizona State Court's jurisdiction was set forth in the June 25, 2001 Order which, for the many reasons described herein, did not waive Defendants' right to remove this action as a matter of law.

### III. ARGUMENT

**A.    Defendants Did Not Agree to Waive Their Right to Remove This Action**

"A defendant is entitled to have the suit removed to a proper federal court as a matter of right, on complying with the conditions prescribed by statute." Regis Assocs. v. Rank Hotels Mgmt. Ltd., 894 F.2d 193, 195 (6th Cir. 1990). "A district court may remand an action only when it lacks subject matter jurisdiction or when there is a procedural defect." Monahan v. Holmes, 139 F. Supp. 2d 253, 256 (D. Conn. 2001); see also Contemporary Servs. Corp. v. Universal City Studios, 655 F. Supp. 885, 892 (C.D. Cal. 1987). Such a strict limitation on remand is "consistent with the Supreme Court's recognition of the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" Contemporary Servs. Corp., 655 F. Supp. at 892 (citations omitted).

Accordingly, "[f]or a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right." City of New Orleans v. Mun. Admin. Servs., 376 F.3d 501, 504 (5th Cir. 2004) (citations omitted); see also N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one."); Hunt Wesson Foods v. Supreme Oil Co., 817 F.2d 75, 77-78 (9th Cir. 1987) (language in forum selection clause that does not provide for exclusive jurisdiction is permissive rather than mandatory and does not mean that the same subject matter cannot be litigated in another court); Regis Assocs., 894 F.2d at 195 (forum selection clause did not waive right of removal because waiver was not "clear and unequivocal"); Dorsey v. N. Life Ins. Co., No. Civ.A. 04-0342, 2004 WL 2496214, at *3 (E.D. La. 2004) (forum selection clause that does not have "express language limiting the action to a specific locale, which is clear, unequivocal and mandatory" does not preclude removal to federal

4

court); First Nat'l City Bank v. Nanz, Inc., 437 F. Supp. 184, 186-87 (S.D.N.Y. 1975) (forum selection clause that stated that the Supreme Court of the State of New York shall have jurisdiction over any dispute between parties was permissive and did not preclude removal to federal court). Here, Plaintiffs do not, because they cannot, point to any agreement by which Defendants clearly and unequivocally waived their right to remove this action to federal court.

According to Plaintiffs, "[t]he parties agreed that the Arizona State Court was to 'retain continuing jurisdiction over said parties and this matter to adjudicate any alleged claims of breach of the parties' confidential settlement agreement pursuant to which the referenced litigation was resolved'" (Motion, p. 3) (citing June 25, 2001 Order). Such a purported agreement does not constitute a clear and unequivocal waiver of Defendants' right of removal as a matter of controlling law. The Ninth Circuit's ruling in Hunt is squarely controlling on this issue. In Hunt, the plaintiff filed a breach of contract action in California State Court. Hunt, 817 F.2d at 76. Defendant then removed to federal court in the Central District of California. Id. Plaintiff filed an opposition to the removal on grounds that the contract contained a forum selection clause that mandated that the action be heard in state court. Id. The forum selection clause upon which plaintiff relied provided that the parties "expressly agree that the laws of the State of California shall govern the validity, construction, interpretation and effect of [the] contract. The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or interpretation of [the] contract." Id. The district court held that the forum selection clause mandated that the action be heard by the Orange County Superior Court. Id.

On appeal, the Ninth Circuit reversed the district court's decision because the forum selection clause "clearly falls short of designating an exclusive forum." Id. at 78. The appellate court ruled that "the effect of the language is merely that the parties consent to the jurisdiction of the Orange County courts," and thus no party can object to litigation in the Orange County courts on the ground that the court lacks personal jurisdiction Id. at 77. "Such consent to jurisdiction, however, does not mean that the same subject matter cannot be

litigated in any other court." Id.  Accordingly, the Ninth Circuit found the forum selection clause in Hunt to be "permissive rather than mandatory" and, therefore, removal to federal court was appropriate.  Id.

Similarly, in First Nat'l, the forum selection clause at issue stated that the Supreme Court of the State of New York shall have jurisdiction over any dispute between the parties. First Nat'l, 437 F. Supp. at 186.  Despite this language, defendants removed the case to federal court, upon which the plaintiffs filed a motion to remand.  Id.  The district court determined that the forum selection clause could be interpreted to mean that the "New York State Supreme Court could have jurisdiction of disputes," however, "other forums may also be appropriate."  Id. at 187.  Because there was no "unequivocal" agreement to submit the claims to the New York State Court, the court in First Nat'l held that the forum selection clause was permissive, not mandatory, and removal to federal court was appropriate.  Id.

Like the forum selection clauses in Hunt and First Nat'l, the June 25, 2001 Order is permissive rather than mandatory.  "To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one."  N. Cal. Dist. of Laborers, 69 F.3d at 1037; City of New Orleans, 376 F.3d at 504 ("For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive.").  Although the June 25, 2001 Order provides that the Arizona State Court has jurisdiction over claims of breach of the settlement agreement, it does not provide for exclusive jurisdiction.  The parties' consent to such jurisdiction in the Arizona State Court does not preclude litigation of those matters in another forum.  See City of New Orleans, 376 F.3d at 504 ("A party's consent to jurisdiction in one forum does not necessarily waive its right have an action heard in another forum."). Because Plaintiffs have not identified, and cannot identify, any language in the Arizona State Court's June 25, 2001 Order or the March 3, 2000 hearing transcript that "clearly demonstrate[s] the parties' intent to make that jurisdiction exclusive," the Defendants did not agree to waive their right of removal as matter of law.

Moreover, Defendants particularly did not agree to waive their right of removal with respect to Plaintiffs' distinct legal claims for defamation, false light invasion of privacy or a declaratory judgment on intellectual property issues that have no relation to the facts and circumstances of the First Action. Indeed, the only type of claim over which the Arizona State Court had any jurisdiction under the June 25, 2001 Order was a claim for breach of the parties' settlement agreement. It did not grant the Arizona State Court any jurisdiction—let alone exclusive jurisdiction over the other causes of action asserted here.

**B.     Defendants Did Not Waive Their Right to Remove This Action by Not Removing the First Action**

Plaintiffs also claim that Defendants waived their right to remove this case to federal court because Defendants did not remove the First Action in 1996. Tellingly, Plaintiffs do not cite a shred of legal authority for their argument. In addition to the complete lack of legal foundation, Plaintiffs' claim is premised on two erroneous assumptions: (1) the First Action was capable of being removed in the first instance, which it was not; and (2) removal of this action somehow depends on whether or not the First Action was removed.

With regard to Plaintiffs' first misconception, Plaintiffs included as defendants in the First Action, in addition to the Defendants here: (i) International Promotions, Inc. and MacFrugals Bargains Close Outs, Inc., Arizona corporations for purposes of diversity; and (ii) Stanley Torgerson, an individual citizen of Arizona (See Ex. A, the Complaint in the First Action, ¶¶ 6-8). The inclusion of these parties as defendants destroyed diversity and thereby precluded Defendants from removing the First Action pursuant to Fed.R.Civ.P. § 1441(b).[3] Surely, Defendants could not have waived any rights by not removing the First Action, when the First Action was not removable in the first instance. With regard to Plaintiffs' second

---

[3] Pursuant to 28 U.S.C. § 1441(b), an action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Although the non-diverse defendants ultimately were dismissed from the First Action, such dismissal occurred more than one year after the filing of the First Action precluding Defendants from removing the case upon their dismissal under 28 U.S.C. § 1446(b) ("[A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.").

7

misconception, this lawsuit is not an "extension" or "continuation" of the First Action. In fact, Plaintiffs admit as much by acknowledging the need to file a new complaint asserting new legal theories with respect to new factual predicates, and serving new legal process to commence this action. This case, therefore, independently meets the requirements for removal pursuant to 28 U.S.C. § 1441. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 692 (9th Cir. 2005) (complete diversity grounds for removal).

"A defendant is entitled to have the suit removed to a proper federal court as a matter of right, on complying with the conditions prescribed by statute." Regis Assocs., 894 F.2d at 195. The right of removal is absolute if the requirements of the removal statute are met. Id. Plaintiffs do not contest that Defendants timely removed this suit to federal court in accordance with 28 U.S.C. §§ 1441 and 1446. Having satisfied the statutory prerequisites for removal, WWE is entitled to defend this action in federal court as a matter of law.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to remand this matter back to the Superior Court of Arizona in and for the County of Maricopa.

RESPECTFULLY SUBMITTED this 3rd day of April, 2006.

ALVAREZ & GILBERT

By s/JTG#004555
John T. Gilbert, #004555
Steven G. Ford, #016492
Suite 300, The Citadel
2727 North Third Street
Phoenix, Arizona 85004
(602) 263-0203 (phone)
(602) 265-9480 (facsimile)

|   |   |
|---|---|
| | Of Counsel:<br>Jerry S. McDevitt, Pro hac vice<br>Curtis B. Krasik, Pro hac vice<br>Amy L. Barrette, Pro hac vice<br>KIRKPATRICK & LOCKHART<br>NICHOLSON GRAHAM LLP<br>The Henry Oliver Building<br>535 Smithfield Street<br>Pittsburgh, Pennsylvania  15222<br>(412) 355-6500 (phone)<br>(412) 355-6501 (facsimile) |

COPY of the foregoing mailed*/delivered**
this 3rd day of April, 2006, to:

The Honorable Roslyn O. Silver**
Judge of the U.S. District Court
410 W. Washington
Phoenix, AZ 85003

Daniel D. Maynard, Esq.*
Michael D. Curran, Esq.*
MAYNARD CRONIN ERICKSON
CURRAN & SPARKS, PLC
1800 Great American Tower
3200 North Central Avenue
Phoenix, Arizona  85012
Attorneys for Plaintiffs


By : s/JTG#004555