31. Goods and services of defendants TITAN, McMAHON, INTERNATIONAL PROMOTIONS, TORGERSON, MACFRUGALS and DOE 1-15 are advertised and promoted in similar channels of trade and are directed to the same consumers as plaintiffs' goods and services. Defendants TITAN, McMAHON, INTERNATIONAL PROMOTIONS, TORGERSON, MACFRUGALS and DOE 1-15 have infringed and have conspired to infringe on the rights of plaintiffs by selling goods and/or rendering services using trademarks and service marks that are confusingly similar to the distinctive trademarks and service marks used by plaintiffs for substantially identical goods and services.

32. Advertisement, promotion and sale of goods and services by defendants TITAN, McMAHON, INTERNATIONAL PROMOTIONS, TORGERSON, MACFRUGALS and DOE 1-15 using marks that imitate or simulate plaintiffs' WARRIOR marks falsely represents to Arizona consumers that defendants' goods and services originate with or are endorsed by plaintiffs or that plaintiffs and said defendants are affiliated or have common sponsorship.

33. Use of infringing trademarks and service marks by TITAN, McMAHON, INTERNATIONAL PROMOTIONS, TORGERSON, MACFRUGALS and DOE 1-15 that imitate or simulate plaintiffs' WARRIOR marks have in the past and will continue to cause confusion, mistake or deception among the public.

34. Unauthorized use by defendants TITAN, McMAHON, INTERNATIONAL PROMOTIONS, TORGERSON, MACFRUGALS and DOE 1-15 of WARRIOR marks as set forth above is likely to cause members of the Arizona public to believe mistakenly that said defendants' goods and services originate with or are rendered by or in affiliation with, or under license from, or with the approval of plaintiffs, when, in fact, they are not.

35. Use of confusingly similar trademarks and services marks by defendants TITAN, McMAHON, INTERNATIONAL PROMOTIONS, TORGERSON, MACFRUGALS and DOE 1-15 is likely to and does permit defendants to misappropriate and unfairly trade on valuable good will and reputation of plaintiffs and will subject that good will and reputation in plaintiffs' marks to the hazards and perils attendant upon business activities of said defendants, over which plaintiffs have no control.

36. Plaintiffs are informed and believe, and based on that information and belief allege, that defendants TITAN, McMAHON, INTERNATIONAL PROMOTIONS, TORGERSON, MACFRUGALS and DOE 1-15, with actual knowledge of the public's identification of plaintiffs' service marks, trademarks, trade names and trade dress with plaintiffs' goods and services, intentionally have used and are using the WARRIOR marks and as a result have misled and deceived the Arizona public into believing that goods and service of said defendants, which are substantially identical to plaintiffs' goods and services, are affiliated with or sponsored or approved by plaintiffs.

37. The misappropriation and misuse by defendants TITAN, McMAHON, INTERNATIONAL PROMOTIONS, TORGERSON, MACFRUGALS and DOE 1-15 of the name and mark WARRIOR is a false designation of origin as to the goods and services made available by said defendants in intrastate commerce within the State of Arizona and in interstate commerce among the United States. Consumers who use goods and services of said defendants, hear about or read advertisements for the goods and services are led to believe that the goods and services associated with said defendants originate with plaintiffs or are sponsored by or affiliated with plaintiffs whereas, in fact, defendants TITAN, McMAHON, INTERNATIONAL PROMOTIONS, TORGERSON, MACFRUGALS and DOE 1-15 have no valid connection whatsoever with the plaintiffs and whereas, in fact, plaintiffs have no responsibility for, nor control over, the acts of those defendants or the quality of the goods sold or services rendered thereby.

38. The use and advertisement by defendants TITAN, McMAHON, INTERNATIONAL PROMOTIONS, TORGERSON, MACFRUGALS and DOE 1-15 of trademarks and service marks confusingly similar to plaintiffs' marks, the commencement and continuation of such use, and all of the other acts of said defendants, jointly and separately, as alleged above in this complaint, create a likelihood that the public will be confused as to source, sponsorship and/or affiliation of the goods and services emanating from said defendants. Defendants TITAN, McMAHON, INTERNATIONAL PROMOTIONS, TORGERSON, MACFRUGALS and DOE 1-15 have caused and, unless restrained by this court, will continue to cause plaintiffs substantial damage and irreparable injury by such false designation of origin. Such wrongful acts have caused and will continue to cause grave injury to the public as well.

39. Plaintiffs are informed and believe, and based on such information and belief allege, that defendants TITAN, McMAHON, INTERNATIONAL PROMOTIONS, TORGERSON, MACFRUGALS and DOE 1-15 are likely to cause, have caused and are now causing widespread confusion, mistake and deception in the public mind, and that many persons believe and are likely to believe that said defendants' goods and services are rendered by plaintiffs or are sponsored, approved, endorsed or in some way legitimately connected with plaintiffs.

40. Defendants TITAN, McMAHON, INTERNATIONAL PROMOTIONS, TORGERSON, MACFRUGALS and DOE 1-15 are unfairly competing with plaintiffs by adopting the WARRIOR marks to identify said defendants' goods and services, the intent and result of which has been, and continues to be, a palming off of defendants' goods and services as emanating from or being endorsed by plaintiffs, causing confusion, mistake or deception among the public as to source or origin of such goods and services.

41. Use by defendants TITAN, McMAHON, INTERNATIONAL PROMOTIONS, TORGERSON, MACFRUGALS and DOE 1-15 of the WARRIOR marks has caused and, unless restrained, will continue to cause injury to plaintiffs' business reputation and dilution of the distinctive quality of plaintiffs' marks.

42. Plaintiffs are informed and believe, and based on such information and belief allege, that defendants TITAN, McMAHON, INTERNATIONAL PROMOTIONS, TORGERSON, MACFRUGALS and DOE 1-15 have, with intent to sell goods and services, disseminated to the public untrue and misleading statements by their unlawful and infringing use of trademarks and service marks, trade names and trade dress that are confusingly similar to plaintiffs' WARRIOR marks. Defendants PROMOTIONS, TORGERSON, MACFRUGALS, and DOE 1-15 know or reasonably should have known that their unlawful and infringing use of confusingly similar trademarks and service marks, trade names and trade dress constitutes untrue and misleading statements to the public. On information and belief, such acts of defendants have been knowingly committed with an intention and purpose of deceiving the public into believing that defendants and plaintiffs are one and the same or that defendants are affiliated with, sponsored by or otherwise under common control with plaintiffs, and with the further intent to inducing the public into purchasing defendants' goods and services.

43. Plaintiffs are informed and believe, and based on that information and belief allege, that the tortious acts of defendants TITAN, McMAHON, INTERNATIONAL PROMOTIONS, TORGERSON, MACFRUGALS and DOE 1-15 complained of in this complaint have been committed willfully and with full

1  knowledge of plaintiffs' rights and with an intention of deceiving and misleading the public at large and that said
2  defendants are wrongfully trading on good will and reputation of plaintiffs.

3      44.    By their wrongful acts, defendants TITAN, McMAHON, INTERNATIONAL PROMOTIONS,
4  TORGERSON, MACFRUGALS and DOE 1-15 have caused and, unless restrained by this court will continue
5  to cause serious irreparable injury and damage to plaintiffs and to the good will associated with plaintiffs'
6  WARRIOR marks in this State and elsewhere throughout the United States. Plaintiffs have no adequate remedy
7  at law.

## FIRST CLAIM FOR RELIEF

## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

## UNDER ARIZ. REV. STAT. §§ 12-1831 and 12-1801

11      45.    Plaintiffs hereby reallege and incorporate by reference the allegation of paragraphs 1-44, inclusive,
12  and the acts of defendants asserted in those paragraphs, as if here set forth in full.

13      46.    Under terms of the Agreement between plaintiff WARRIOR and defendant TITAN, plaintiffs
14  granted a license to TITAN to use a mark ULTIMATE WARRIOR solely in connection with "wrestling-related"
15  activities, including, wrestling performances, appearances, merchandise items and videos. In addition, under
16  terms of said Agreement, WARRIOR granted TITAN an exclusive right during the term of the Agreement to
17  fully exploit the character, marks, indicia, persona, performances, and image and likeness of "The Ultimate
18  Warrior."

19      47.    Under terms of the Agreement, plaintiffs have no right or license to use certain marks, including,
20  but not limited to, ALWAYS BELIEVE and WARRIOR'S WORLD.

21      48.    On July 23, 1996, plaintiffs attorneys, Hart, Baxley, Daniels & Holton notified defendant TITAN
22  in writing that plaintiffs had rescinded the above described trademark license and related licenses inasmuch as
23  defendant TITAN had repudiated its obligation to WARRIOR under the Agreement. See Exh. A. In the July 23rd
24  letter, plaintiffs attorneys also demanded that TITAN cease and desist from further use of the WARRIOR and
25  ULTIMATE WARRIOR trademarks and provide a complete report of said marks by TITAN and/or licensees
26  thereof so that plaintiffs could prepare an invoice for royalties due to plaintiffs.

49. Although plaintiffs had rescinded the licensing agreement with respect to the marks WARRIOR and ULTIMATE WARRIOR, defendant TITAN has refused to cease selling goods and services under said marks, and defendant in fact continues to sell goods and services bearing the marks WARRIOR and ULTIMATE WARRIOR in this State and throughout the United States and the world.

50. The wrongful conduct of defendant TITAN as described above, unless restrained and enjoined by this court, will cause great and irreparable damage and harm to plaintiffs, in that plaintiffs' reputation and good will, built up over many years, will be seriously and perhaps irrevocably harmed if defendant is allowed to continue its actions.

51. Plaintiffs have no adequate remedy at law for the injuries and damages plaintiffs have suffered, and will continue to suffer in the future unless defendant TITAN's wrongful conduct is restrained and enjoined, because it is and will be impossible for plaintiffs to determine the precise amount of damages, and no amount of money can compensate plaintiffs for the harm that has been done and will be done to plaintiffs' reputation and good will.

52. By reason of the foregoing acts, plaintiffs request that the court enter a judgment rescinding the licensing agreement entered into between plaintiffs and TITAN and enjoin said defendant, and anyone acting on behalf of or in concert therewith, from selling, at any location within Arizona and throughout the United States and the world all goods and services under plaintiffs' marks WARRIOR, ULTIMATE WARRIOR, ALWAYS BELIEVE and WARRIOR'S WORLD as well as any other marks which are confusingly similar thereto.

## SECOND CLAIM FOR RELIEF
## BREACH OF CONTRACT

53. Plaintiffs hereby reallege and incorporate by reference the allegation of paragraphs 1-52, inclusive, and the acts of defendants asserted in those paragraphs, as if here set forth in full.

54. On February 19, 1996, plaintiff WARRIOR and defendant TITAN entered into a written contract whereby TITAN agreed to employ WARRIOR as a professional wrestler for a term of eighteen (18) months, from February 19, 1996 through and including August 31, 1997. As consideration for said services, TITAN agreed to pay WARRIOR a sum not less than One Million Dollars and 00/100 ($1,000,000.00) in equal weekly payments of $12,820.00. As additional consideration to WARRIOR, TITAN also agreed to participate in other ventures of Plaintiffs, including, Warrior University, Warrior comic books and a Warrior World Tour.

55. WARRIOR has performed everything required of him to receive payment and other valuable consideration and performance from TITAN.

56. Notwithstanding WARRIOR'S compliance and performance of all of its obligations under the Agreement, on or about June 26, 1996, TITAN informed WARRIOR verbally and in writing that TITAN repudiated the Agreement and no longer intended to perform its obligations thereunder. A notice to the foregoing effect also was published by TITAN on the America Online computer network on July 1, 1996. A copy of said notice is attached, marked as Exhibit C, and incorporated herein by reference.

57. By reason of the foregoing acts by defendant TITAN as well as intentional, willful and deliberate acts committed by defendant McMAHON to cause breach of said Agreement, as well as consequential damages, WARRIOR has suffered losses in a sum to be proven at trial.

### THIRD CLAIM FOR RELIEF

### PAYMENT OF WAGES

58. Plaintiffs hereby reallege and incorporate by reference the allegation of paragraphs 1-57, inclusive, and the acts of defendants asserted in those paragraphs, as if here set forth in full.

59. During WARRIOR's service to TITAN, the relationship between said parties was that of an employee and employer and defendant TITAN's refusal to permit plaintiff to serve as agreed constitutes a refusal to pay wages.

60. Plaintiff WARRIOR is ready, willing and able to perform duties required of him to be performed as part of his employment by defendant TITAN.

61. By reason of the foregoing acts, WARRIOR has been damaged in a sum to be proven at trial, which amount shall be trebled under A.R.S. §23-355.

### FOURTH CLAIM FOR RELIEF

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

62. Plaintiffs hereby reallege and incorporate by reference the allegation of paragraphs 1- 61, inclusive, and the acts of defendants asserted in those paragraphs, as if here set forth in full.

63. The law implies a duty of good faith and fair dealing in every contract. Accordingly, under the Agreement, TITAN owed said duty to WARRIOR.

64. Defendant TITAN, by reason of the foregoing acts, has breached that duty to WARRIOR, thereby causing damages to WARRIOR in an amount to be proven at trial.

65. Defendant McMAHON, by reason of the foregoing acts, has caused TITAN to breach the duty of good faith and fair dealing owed by TITAN to WARRIOR, thereby causing damages to WARRIOR in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### INJURIOUS FALSEHOOD

66. Plaintiffs hereby reallege and incorporate by reference the allegation of paragraphs 1-65, inclusive, and the acts of defendants asserted in those paragraphs, as if here set forth in full.

67. Defendants TITAN and McMAHON, by reason of the foregoing acts, have published matter derogatory to the plaintiffs' business of a kind calculated to prevent others from dealing with plaintiffs or otherwise to interfere with plaintiffs' relations with others, all to plaintiffs' disadvantage and loss in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### MISAPPROPRIATION OF BUSINESS OPPORTUNITIES

68. Plaintiffs hereby reallege and incorporate by reference the allegation of paragraphs 1-67, inclusive, and the acts of defendants asserted in those paragraphs, as if here set forth in full.

69. While in a confidential and/or employment relationship with defendants McMAHON and TITAN, said defendants appropriated to their own account and took advantage of business opportunities that rightly belonged to plaintiffs.

70. As a result of activities and intentional acts on the part of McMAHON and TITAN, plaintiffs have lost substantial sums representing the profits plaintiffs would have realized on the business McMAHON and TITAN appropriated to their own account in an amount that plaintiffs are unable to determine without an accounting of the business of said defendants in competition with the business of plaintiffs.

71. By reason of the foregoing acts, plaintiffs demand that the court order an accounting of the business activities and profits obtained by the McMAHON and TITAN on said defendants' own account and in competition with the business of plaintiffs and further that the court award damages to plaintiffs for all profits revealed by such accounting.

AUG 30 '96  02:50PM

## SEVENTH CLAIM FOR RELIEF
## MISREPRESENTATION TO PROSPECTIVE EMPLOYERS

72. Plaintiffs hereby reallege and incorporate by reference the allegation of paragraphs 1-71, inclusive, and the acts of defendants asserted in those paragraphs, as if here set forth in full.

73. Following repudiation of the Agreement by TITAN on June 26, 1996, McMAHON and TITAN made false representations concerning WARRIOR's integrity, business reputation, character and good name, the exact dates on which said representation were made being unknown to plaintiffs, with a purpose and an intention on the part of TITAN to hinder or prevent WARRIOR from securing future employment as a professional wrestler.

74. Specifically, McMAHON and TITAN published statements that plaintiff WARRIOR refused to wrestle in certain cities with an intention and purpose on the part of TITAN to tarnish image, reputation and integrity of WARRIOR in the wrestling profession and among wrestling fans.

75. As a direct and proximate result of the false representations made by McMAHON and TITAN and communicated to prospective employers of WARRIOR, WARRIOR has been unable to secure, and did not secure, employment, and thereby lost wages, salary, and other emoluments and were caused to waste travel expenses and other costs of a value not less than Three Million Dollars ($3,000.000.00), the exact amount to be proven at trial. Plaintiff WARRIOR was further damaged in the sum of Fifty Thousand Dollars ($50,000.00) for wasted travel expenses and other costs.

## EIGHTH CLAIM FOR RELIEF
## LIBEL
## UNDER ARIZ. REV. STAT. §12-651

76. Plaintiffs hereby reallege and incorporate by reference the allegation of paragraphs 1-75, inclusive, and the acts of defendants asserted in those paragraphs, as if here set forth in full.

77. For several days following TITAN's breach of the Agreement as set forth hereinabove, defendants McMAHON and TITAN published via television broadcast, downloadable computer transmissions, prerecorded telephone messages and various other means of communication, republished and repeated false statements which defamed integrity, honesty and business reputation of plaintiffs. Said statements were untrue and were known by defendants McMAHON and TITAN to be untrue or were otherwise made by said defendants with a reckless

disregard for truth.

78. The foregoing statements by McMAHON and TITAN constitute a publication which impeaches honesty, integrity and reputation of plaintiffs and are libelous per se.

79. The foregoing statements by McMAHON and TITAN disgraced the good name of plaintiffs and held said plaintiffs up to public hatred, contempt and ridicule, thereby causing damages to plaintiffs in an amount to be proven at trial.

## NINTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

80. Plaintiffs hereby reallege and incorporate by reference the allegation of paragraphs 1-79, inclusive, and the acts of defendants asserted in those paragraphs, as if here set forth in full.

81. Defendants McMAHON and TITAN intentionally breached their contractual obligations to plaintiff WARRIOR so as to harass, vex and cause plaintiff WARRIOR emotional and physical distress.

82. Libelous statements described herein in plaintiffs' Sixth Claim also were made by defendants McMAHON and TITAN so as to harass, vex and cause plaintiff WARRIOR emotional and physical distress.

83. As a result of intentional acts by McMAHON and TITAN, plaintiff WARRIOR endured and continues to endure extreme mental anguish and emotional distress along with physical ailment from the date that WARRIOR unlawfully was prevented from performing under the Agreement. Since that date WARRIOR also has suffered headaches, insomnia and other physical conditions as a result of the severe emotional distress caused by intentional conduct of said defendants.

84. By reason of the foregoing intentional acts and a direct and proximate result of the disabling injuries sustained by the plaintiffs, plaintiffs were damaged in an amount to be proven at trial.

## TENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

85. Plaintiffs hereby reallege and incorporate by reference the allegation of paragraphs 1-84, inclusive, and the acts of defendants asserted in those paragraphs, as if here set forth in full.

86. As a result of negligent infliction of emotional distress by defendants McMAHON and TITAN, plaintiff WARRIOR has endured and continues to endure extreme mental anguish and emotional distress along with physical ailment from the date that WARRIOR unlawfully was prevented from performing under the