Daniel D. Maynard, No. 009211
Michael D. Curran, No. 012677
**MAYNARD CRONIN ERICKSON**
**CURRAN & SPARKS, P.L.C.**
1800 Great American Tower
3200 North Central Avenue
Phoenix, Arizona 85012
(602) 279-8500

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Ultimate Creations, Inc., an Arizona corporation, Warrior and Dana Warrior, husband and wife,<br><br>                    Plaintiffs,<br><br> v.<br><br>Vincent K. McMahon and Linda McMahon, husband and wife; Titan Sports, Inc., a Connecticut corporation, World Wrestling Entertainment, a Connecticut corporation,<br><br>                    Defendant. | CV06-0535-PHX-ROS<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs, Ultimate Creations, Inc. ("Ultimate Creations"), Warrior and Dana Warrior (hereinafter collectively "Warrior") for their complaint against Defendants, Vincent K. McMahon and Linda McMahon, husband and wife ("McMahon"), Titan Sports, Inc., and World Wrestling Entertainment, Inc. (hereinafter referred to jointly as "Defendants") alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.    At all times material to this lawsuit, Ultimate Creations is an Arizona corporation organized and existing under the laws of the State of Arizona and doing business in Maricopa County, Arizona and was a party to a prior lawsuit filed in this court captioned *Warrior & Ultimate Creations, Inc. v. Titan Sports, Inc., et al.*, CV96-15377 ("Arizona lawsuit") and was a party to a Settlement Agreement and Mutual Release entered into as of March 3, 2000 in the

MAYNARD CRONIN ERICKSON CURRAN & SPARKS, P.L.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE • SUITE 1800 • PHOENIX, ARIZONA 85012
TELEPHONE 602.279.8500 • FACSIMILE 602.263.8185

Arizona lawsuit ("Agreement") attached as Exhibit 1 to original complaint.  It is the owner of certain intellectual property, including but not limited to federally registered trademarks, service marks, trade dress and common law trademarks and service marks associated with the wrestling character, the Ultimate Warrior (referred to jointly hereinafter as "intellectual property").

2.      Warrior and Dana Warrior are husband and wife and at all times material to this lawsuit, are residents of the State of New Mexico and were parties to the Arizona lawsuit and were parties to the Agreement.

3.      Upon information and belief, at all times pertinent to this lawsuit, Defendants Vincent K. McMahon and Linda McMahon are husband and wife and at all times material to this lawsuit, are residents of the State of Connecticut and were parties to the Arizona lawsuit and were parties to the Agreement.

4.      Titan Sports, Inc. ("Titan") is a Connecticut corporation organized and existing under the laws of the state of Connecticut and doing business in Maricopa County, Arizona and was a party to the Arizona lawsuit and the Agreement.

5.      Upon information and belief, at all times material to this lawsuit, World Wrestling Entertainment, Inc. ("WWE") is the successor entity to World Wrestling Federation, Inc. which was a party to the Arizona lawsuit and the Agreement.

6.      This Court has jurisdiction pursuant to this Court's order granting removal of the case from Arizona Superior Court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1441, 1446.

7.      Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391.

## **GENERAL ALLEGATIONS**

8.      On or about March 3, 2000, Ultimate Creations and Warrior entered into an Agreement with Defendants.

9.     The Agreement settled two lawsuits between the Parties, one in the Superior Court of the State of Arizona in and for the County of Maricopa, Cause No. CV96-15377 and a separate action captioned Titan Sports, Inc. v. James Hellwig a/k/a Warrior and Ultimate Creations, Inc. in the United States District Court for the District of Connecticut, Civil Action No. 398 CV 00467 (EBB)(the "Connecticut lawsuit").

10.     The Parties agreed that the Superior Court of the State of Arizona in and for the County of Maricopa shall retain jurisdiction over any and all claims, disputes or controversies arising from and in connection with or in any way relating to the enforcement, interpretation or adjudication of the Parties' obligations hereunder and such Court shall be the sole forum in which any disputes may be heard.  (Ex. 1, pp. 4, 9)

11.     The Agreement was to be confidential and the Parties agreed not to disparage one another at any time in any place in any media.  (Ex. 1, pp. 5, 8)

12.     The Parties agreed that Titan was the owner of certain copyrighted works that depicted the Ultimate Warrior character and had all rights to exploit those copyrighted works in any and all media.  (Ex. 1, p. 12)

13.     The Parties agreed that Warrior had the right to perform the Ultimate Warrior character in the future in any and all manner.  (Ex. 1, p. 12)

14.     The Agreement provided that Warrior owns the trademarks and service marks to Ultimate Warrior and Warrior characters.  Notwithstanding the foregoing, Warrior acknowledged and agreed that Titan shall continue to have the right of fair use afforded it as a result of its ownership of its copyrighted works.

15.     The Parties agreed that Warrior has the right to make his own copyrighted works depicting the Ultimate Warrior and Warrior characters or to authorize others to do so.

16.     Titan agreed that Warrior has worldwide rights to the trademarks and service marks concerning the Ultimate Warrior and Warrior characters.  (Ex. 1, p. 14)

- 3 -

17.     Pursuant to the Agreement, the Parties agree neither they nor their agents, servants, employees or representatives and those persons in active concert or participation with the Parties and those persons under their direction or control shall not make, publish, broadcast, air, print or distribute any comments, statements, or suggestions (written, verbal or otherwise), directly or indirectly, that would disparage, defame, criticize, injury or harm the reputation of any other Party.

18.     Upon information and belief, on or about August 2005, the Defendants made and released a DVD entitled The Self-Destruction of the Ultimate Warrior (hereinafter referred to as the DVD).

19.     The wrongful conduct of the Defendants in making, marketing and selling the DVD was motivated by spite or ill will.

20.     The Defendants acted to serve their own interests, having reason to know and disregarding a substantial risk that their conduct might significantly injure the rights of Ultimate Creations and Warrior.

21.     The DVD is outrageous in that it disparages, defames, criticizes, injures, and harms the reputation of Warrior and Ultimate Creations.

22.     The title of the DVD, "The Self-Destruction of the Ultimate Warrior" states that Warrior has done something to cause self-destruction both personally and professionally and this is false.   The DVD contains numerous false statements and the following are some examples:

       a.     Vince McMahon came up with the name Ultimate Warrior;

       b.     If he [Warrior] didn't have someone to lead him, he couldn't have a great match on his own;

       c.     He [Warrior] never understood how the match went; he was one of the those guys, you couldn't tell him;

       d.     If someone could come from another planet -- it could be Jim -- Jim is

- 4 -

1      very different;

2    e.    He [Warrior] was too stupid to know where he was from.  No one wanted

3          their town to be associated with him.

4    f.    He couldn't do an interview

5    g.    The tassels tied to his arms cut off the circulation to his head;

6    h.    He had a lack of in ring ability, did not have athleticism, did not know

7          how to do anything ("in the ring"), he was dangerous;

8    i.    His in ring skills were limited, at best;

9    j.    Warrior had no idea about wrestling; didn't care about the history of the

10         business;

11   k.    He figuratively put a gun to my (McMahon's) head at Summerslam.  He

12         was unprofessional and there is a statement that the money was to be paid

13         upfront;

14   l.    Tried to hold McMahon up for $500,000 or maybe more;

15   m.    I [McMahon] paid him what I agreed to pay him when obviously I didn't

16         have to, but that's me and I couldn't wait to fire him [Warrior];

17   n.    It was a very unprofessional thing to do, but I forgave him and he came

18         back to work;

19   o.    WWE had a very stringent drug policy and there was a violation [by

20         Warrior] and he was fired for a second time;

21   p.    His view of his character and how he related to that character in real life

22         was problematic;

23   q.    Without a doubt, Jim Hellwig has a problem distinguishing himself from

24         his character;

25   r.    We were worried about Warrior keeping all of his commitments;

26   s.    He missed dates where he was advertised;

t.    Jim missed several dates, just refused to show up;

u.    You cannot refuse to show up and screw the audience;

v.    His father passed away and he used it as an excuse; he had not seen his dad in 10 years and could care less about him;

w.    He [Warrior] was unreliable and McMahon states that he terminated Warrior for the third time;

x.    No one liked him and no one wanted to work with him;

y.    You can't hold people up for money, you can't not keep your commitments;

z.    The credo to Warrior University was filled with non-seniscal ramblings.

**First Claim For Relief**

**(Breach of Contract)**

23.    Ultimate Creations and Warrior incorporate the allegations set forth in paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24.    Defendants are in breach of the Agreement for the following reasons:

A)    the Agreement was to protect Warrior and Ultimate Creations from having their reputations disparaged, defamed, criticized, injured or harmed by the Defendants.  Upon review of the footage of the DVD, it is clear that the negative footage was intended to harm the reputation of Warrior and to devalue or injure the value of the intellectual property owned by Ultimate Creations and Warrior and has caused such injury.

25.    As a result of Defendants' breach of the Agreement, Ultimate Creations and Warrior have been damaged in an amount to be determined at trial together with attorney's fees, costs and expenses.

**Second Claim For Relief**

**(Defamation)**

26.    Warrior incorporates the allegations set forth in paragraphs 1 through 25 of the

Complaint as if fully set forth herein.

27.    The Defendants published the DVD knowing it contained false material, including the title intending to bring Warrior into disrepute, contempt or ridicule, or intending to impeach Warrior's honesty, integrity, virtue or reputation.

28.    The DVD was published with actual malice; the Defendants had knowledge of the falsity of the statements or with reckless disregard of the truth.

29.    As a result of the publication of the DVD, the reputation of Warrior has been damaged in an amount to be determined at trial.

**Third Claim For Relief**

**(False Light)**

30.    Warrior incorporates the allegations set forth in paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31.    The Defendants published the DVD with knowledge of the falsity or reckless disregard for the truth and it placed Warrior in a false light highly offensive to a reasonable person.

32.    The DVD contains major misrepresentations of Warrior's character, history, activities, beliefs and personal life and relationships.

33.    Warrior has suffered emotional distress from the publication of the DVD.

**Fourth Claim For Relief**

**(Declaratory Judgment Action)**

34.    Ultimate Creations and Warrior incorporate the allegations set forth in paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35.    The intent of the Agreement was that the Defendants had the right to use their copyrighted works that contained the Ultimate Warrior character in any manner that did not disparage Warrior or the intellectual property owned by Ultimate Creations.

36.    The Agreement provides that Warrior owns the worldwide rights to the service

marks and trademarks associated with Ultimate Warrior and Warrior characters and that Titan had no claims in the marks other than it had the right to fair use of its copyrighted materials that contained the character.

WHEREFORE, Plaintiffs pray that judgment be enter in their favor and against the Defendants jointly and severally for each claim for relief as follows:

A.   For damages in an amount to be determined at trial;

B.   For an award of punitive damages in an amount to be determined at trial;

C.   For costs and attorneys' fees as allowed by law;

D.   For pre-judgment and post-judgment interest as allowed by law;

E.   For judgment that all footage, notes, films, disks, tapes and all materials produced in this project that resulted in the DVD be turned over to Ultimate Creations and Warrior and Defendants not keep or distribute any copies;

F.   For a judgment that Warrior and Ultimate Creations owns all the trademarks and service marks associated with the Ultimate Warrior and Warrior character; and

G.   For any further relief the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs respectfully demand a jury trial on all appropriate issues.

DATED this 9th day of February, 2007.

MAYNARD MURRAY CRONIN
ERICKSON & CURRAN, P.L.C.

By   s/Daniel D. Maynard
Daniel D. Maynard
Michael D. Curran
1800 Great American Tower
3200 Central Avenue
Phoenix, Arizona 85012
Attorneys for Plaintiffs

- 8 -

1    **ORIGINAL** of the foregoing filed this 9th day of February, 2007 via ECF with:

2    Clerk of the Court
United States District Court
3    401 W. Washington
Phoenix, AZ 85003

4

    with a copy mailed (along with a copy of the NEF) and electronically mailed this same day to:
5

6    Honorable Roslyn Silver
United States District Court
    401 W. Washington
7    Phoenix, AZ  85003

8    with a copy electronically mailed this same day to:

9    John T. Gilbert
Steven G. Ford
10   *Alvarez & Gilbert*
2727 N. Third Street, Suite 300
11   Phoenix, AZ 85004
Attorney for Defendants

12

    Jerry S. McDevitt
13   Curtis B. Krasik
Amy L. Barrette
14   *Kirkpatrick & Lockhart Nicholson Graham LLP*
The Henry Oliver Building
15   535 Smithfield Street
Pittsburgh, PA 15222

16

17

    By   _s/G. Sipe_____
18

19

20

21

22

23

24

25

26