Daniel D. Maynard, No. 009211
dmaynard@mmcec.com
Michael D. Curran, No. 012677
mcurran@mmcec.com
**MAYNARD CRONIN ERICKSON CURRAN & SPARKS, P.L.C.**
1800 Great American Tower
3200 North Central Avenue
Phoenix, Arizona 85012
(602) 279-8500

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Ultimate Creations, Inc., an Arizona corporation, Warrior and Dana Warrior, husband and wife,<br><br>Plaintiffs,<br>v.<br><br>Vincent K. McMahon and Linda McMahon, husband and wife; Titan Sports, Inc., a Connecticut corporation, World Wrestling Entertainment, a Connecticut corporation,<br><br>Defendant. | CV06-0535-PHX-ROS<br><br>**PLAINTIFFS' MOTION FOR SANCTIONS** |

Pursuant to Rule 37 (b) and (d) of the Federal Rules of Civil Procedure, Plaintiffs submit their Motion for Sanctions against Defendant Vincent K. McMahon for his failure to comply with a court order and due to his willful failure to appear at his properly noticed deposition. Plaintiffs' Motion is supported by the attached Memorandum of Points and Authorities.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    <u>Background</u>.**

On or about March 10, 2008, counsel for the parties participated in a conference call to discuss several discovery items. Deposition dates were not agreed upon during that

conference call. This can be verified by Curtis Krasik's letter of March 11, 2008, memorializing the discussion and agreements, attached as Exhibit A, as well as John Gilbert's letter of March 11, 2008, attached as Exhibit B.

On March 14, 2008, WWE's counsel noticed the depositions of Warrior and Dana Warrior for April 29, 30, and May 1, 2008. Contrary to counsel's assertions in its Motion for Sanctions, these dates were not agreed upon by the parties' attorneys. With a discovery cutoff set by the Court of May 2, 2008, there was no time following these depositions for plaintiffs to notice the deposition of defendants.

Plaintiffs' counsel was out of the country from March 28, 2008 until April 14, 2008. Plaintiffs' counsels' assistant called defense counsel on April 4, 2008, and advised them that the April 29, 30, and May 1, 2008 deposition dates would not work for plaintiffs' counsel since he would be in an arbitration. Immediately upon his return, plaintiffs' counsel, based on the May 2, 2008 cutoff date, noticed the depositions of Vince McMahon and Linda McMahon on April 14, 2008 for May 1, 2008 and May 2, 2008. Prior to filing his motion to extend time to take depositions (Doc. 109) to extend the time until May 22, 2008, and contrary to defense counsel's statement in his Motion for Sanctions, undersigned counsel spoke with Mr. Gilbert (thereby responding verbally to defense counsel's letter of April 8, 2008, as soon as he could upon his return to the United States) and was advised by Mr. Gilbert that defendants refused to extend the discovery deadline of May 2, 2008. Undersigned counsel also advised that his clients were unavailable for the depositions of April 29, 30 and May 1, 2008. Thus, counsel for WWE was advised at least three times, that the unilaterally picked dates of April 29, 30, and May 1, 2008, would not work. Plaintiffs' motion to extend time to take depositions was denied by the Court on April 28, 2008.

In an effort to resolve the deposition dispute, the parties' counsel spoke by telephone on May 1, 2008, and agreed to extend the discovery cutoff to August 15, 2008. Plaintiffs' counsel wrote to defense counsel on May 2, 2008, suggesting deposition dates in July or

August, and in their Joint Status Report to the Court dated May 2, 2008, asked the court to postpone the discovery cutoff accordingly. This was followed up by a Joint Motion to Extend Deadlines filed on May 20, 2008. The Court extended the discovery cutoff 30 days to June 23, 2008. The Court entered an order on June 9, 2008, stating that the parties needed to work out their discovery disputes and have the parties' depositions taken before June 23, 2008. On June 9, 2008, plaintiffs' counsel orally requested a date and place to take Mr. McMahon's deposition and when no date was forthcoming sent a letter on June 11, 2008, requesting to take Mr. McMahon's deposition in Connecticut on either June 16, 2008 or June 18, 2008 (Exhibit C attached). Defendants' counsel responded denying the request on June 13, 2008 and stating that it was "highly inappropriate to depose Mr. McMahon under these circumstances." Thus defendants did not act in good faith in violation of this Court's Order (Exhibit D attached). Thus, the scheduling problems of the parties continued.

## II.     Argument.

Pursuant to Rule 37(b) F.R.Civ.P., a court may issue a sanction if a party fails to obey a court order regarding discovery. This Court ordered that the parties were to act in good faith to work out a time for Mr. McMahon's deposition. Mr. McMahon's counsel refused to respond to Plaintiff's counsel's oral request on June 9, 2008. He refused to give a date after Plaintiff's counsel's written request on June 11, 2008 because he thought "it would be highly inappropriate . . . under the circumstances." (See Exhibit D).

The failure of Vince McMahon to appear at his duly scheduled deposition was a willful act and sanctionable pursuant to Rule 37(d) F.R.Civ.P. Despite being noticed on April 14, 2008 and by defense counsel's own admission received on April 17, 2008, the Defendants failed to show up and insisted for the first time that Mr. McMahon be deposed in Connecticut. The decision to ignore plaintiffs' Notice of Deposition was willful.

Next, Mr. McMahon violated this Court's order to act in good faith in setting Mr. McMahon's deposition. Defendants should not be able to ignore a duly noticed deposition

date, and violated this Court's order to act in good faith to cooperate, and let the discovery deadline pass. Plaintiff will suffer irreparable prejudice and his ability to prosecute this case has been impaired.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this Court grant its Motion for Sanctions against Vince McMahon and order that Mr. McMahon show up to be deposed in Phoenix, Arizona at a mutually convenient time and grant plaintiffs their attorneys' fees and costs.

RESPECTFULLY SUBMITTED this 19th day of June, 2008.

**MAYNARD CRONIN ERICKSON CURRAN & SPARKS, P.L.C.**

By   s/Daniel D. Maynard
Daniel D. Maynard
Michael D. Curran
1800 Great American Tower
3200 Central Avenue
Phoenix, Arizona 85012
Attorneys for Plaintiffs

**ORIGINAL** of the foregoing filed this 19th day of June, 2008 via ECF with:

Clerk of the Court
United States District Court
401 W. Washington
Phoenix, AZ 85003

with a copy mailed (along with a copy of the NEF) and electronically mailed this same day to:

Honorable Roslyn Silver
United States District Court
401 W. Washington
Phoenix, AZ 85003

with a copy electronically mailed this same day to:

John T. Gilbert
Steven G. Ford
*Alvarez & Gilbert*
2727 N. Third Street, Suite 300
Phoenix, AZ 85004
Attorney for Defendants

1  Jerry S. McDevitt
   Curtis B. Krasik
2  Amy L. Barrette
   *Kirkpatrick & Lockhart Nicholson Graham LLP*
3  The Henry Oliver Building
   535 Smithfield Street
4  Pittsburgh, PA 15222

5

6  By ___s/Stacey Tanner_____