# EXHIBIT A

**K&L|GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2312

T 412.355.6500    www.klgates.com

March 11, 2008

Curtis B. Krasik
D 412.355.8696
F 412.355.6501
curtis.krasik@klgates.com

**BY E-MAIL**

Daniel D. Maynard, Esquire
Maynard Cronin Erickson Curran & Sparks, PLC
1800 Great American Tower
3200 North Central Avenue
Phoenix, Arizona 85012

Re:   Ultimate Creations, Inc., et al. v. Vince McMahon, et al.
      CV06-00535-PHX-ROS

Dear Mr. Maynard:

  I write to memorialize our discussions and agreements from our meet and confer call yesterday.

  1. <u>Interrogatory No. 4.</u>  You agreed to supplement this response by Friday, March 14, 2008 to provide WWE with the basis and calculation of any damages Warrior is claiming in this action.

  2. <u>Interrogatory Nos. 5-6.</u>  You indicated that the only evidence you intend to present at trial regarding Warrior's reputation is the testimony of Warrior, Dana Warrior, and the web-posting documents identified in response to these interrogatories. In reviewing your responses to Interrogatory Nos. 5 & 6, we note that Warrior and Dana Warrior are not currently identified. We therefore request that you supplement your responses accordingly and identify whatever they are going to contend as to his reputation before and after publication of the DVD and the basis therefor, as requested by those Interrogatories.

  3. <u>Interrogatory No. 10.</u>  You indicated that your response to this interrogatory is complete and accurate, you are not withholding any information pursuant to your objection, and you have no additional information to provide in supplement to your response.

  4. <u>Interrogatory Nos. 13-14.</u>  You agreed to supplement these responses by Friday, March 14, 2008 to state that you do not currently possess or know of any documents to suggest that Warrior lost any business opportunities or suffered any other economic damages resulting from the release of the DVD.

  4. <u>Request for Production No.11.</u>  You agreed to supplement this response by Friday March 14, 2008, providing WWE with any contracts and other agreements with third parties

PI-1945080 v1

# K&L|GATES

Daniel D. Maynard, Esquire
March 11, 2008
Page 2

concerning Warrior's license or assignment of any intellectual property rights purportedly owned by Warrior from 2000 through the present.

5. **Request for Production Nos. 25-36, 38-39, 42, 48-55.** You agreed to produce any documents responsive to these requests by Friday March 14, 2008.

6. **Request for Production Nos. 40-41.** I do not recall if we specifically discussed these responses in our call, but we you indicate that you will supplement these responses and we request any such supplementation by Friday, March 14, 2008.

7. **Request for Production No. 56.** You agreed to produce any documents concerning sworn testimony by Warrior in prior legal proceedings by Friday March 14, 2008.

8. **Request for Production Nos. 14, 45, 46.** You agreed to produce all non-privileged documents, including but not limited to all pre-complaint correspondence, relating to Warrior's litigation with THQ, Inc. and Andrew Wright by Friday, March 14, 2008.

9. **Request for Production No. 47.** You agreed to produce all documents by Friday, March 14, 2008 in your possession regarding Warrior's filing of a disciplinary action against Shawn Aiken to the extent that those documents are subject to disclosure by the Arizona State Bar. John is confirming this information.

10. You agreed to provide us with an executed verification for your responses to WWE's First Set of Interrogatories by Friday, March 14, 2008.

In addition, we were unable to agree on three issues for which we will need to seek the Court's assistance. These issues include your standing objections to produce any documents or information concerning: (i) Warrior's sources of income and/or finances from 2000 to present in response to Request for Production Nos. 7-11, 16-17 and Interrogatory Nos. 2-3; (ii) work performed by Andrew Wright and/or Buzz Media in response to Request for Production Nos 5-6 & 46; and (iii) medical treatment Warrior received from 2000 to present in response to Request for Production No. 41 and Interrogatory No. 15. In accordance with the Court's procedures for addressing discovery disputes, we will shortly forward you a draft of the one page issue statements that the parties must jointly file with the Court summarizing the parties' positions on these issues.

# K&L|GATES

Daniel D. Maynard, Esquire
March 11, 2008
Page 3

    We look forward to receiving the above information by week's end. Thank you for your attention to these matters.

                        Very Truly Yours,

                        Curtis B. Krasik

CBK/

cc:    John Gilbert, Esq. (by e-mail)

K&L|GATES

# EXHIBIT B

Case 2:06-cv-00535-ROS   Document 141-1   Filed 06/19/08   Page 5 of 12

LAW OFFICES

# ALVAREZ & GILBERT, PLLC

NORTHSIGHT FINANCIAL OFFICE PARK
14500 N. NORTHSIGHT BLVD. SUITE 216
SCOTTSDALE, ARIZONA 85260

WWW.ALVAREZ-GILBERT.COM
TEL: 602-263-0203
FAX: 480-686-8708

*John T. Gilbert*
*Donald R. Alvarez*
*Steven G. Ford*
*Randy A. McCaskill\**
*Pele K. Peacock*

\* *Also admitted in Washington*
EMAIL: JTGILBERT@AOL.COM

March 11, 2008

**VIA FACSIMILE: 602-263-8185**
Daniel D. Maynard Esq.
Maynard Murray, Cronin Erickson
 & Curran, P.L.C.
3200 Central Avenue, Suite 1800
Phoenix, Arizona 85012

> Re: Ultimate Creations, Inc., Warrior and Danna Warrior v. Vincent K. McMahon, Linda McMahon, Titan Sports, Inc. and World Wrestling Entertainment, Inc.

Dear Dan:

As a follow up to our conference call earlier this week and addressing the confidentiality of the state bar proceedings commenced by Warrior against Shawn Aiken, I direct your attention to Rule 70, Rules of the Supreme Court. Rule 70 provides that all disciplinary proceedings shall be open to the public upon dismissal of the bar complaint by bar counsel (Rule 70(a)(3)). It is my understanding from Bar personnel that the complaint filed by Warrior against Shaun Aiken was dismissed. Any records in your client's possession relating to that consequently are discoverable and not privileged.

Please provide the documents requested by the end of this week with the other materials you have agreed to produce.

Very truly yours,

ALVAREZ & GILBERT, PLLC

John T. Gilbert

JTG:mak
cc: Curtis Krasik, Esq.

# EXHIBIT C

```
MAYNARD
CRONIN
ERICKSON
CURRAN
& SPARKS
PLC. ATTORNEYS AT LAW
```

June 11, 2008

Daniel D. Maynard

**Via Facsimile - 480-686-8708**
**and U.S. Mail**
John T. Gilbert, Esq.
ALVAREZ & GILBERT
Northsight Financial Office Park, Suite 216
14500 N. Northsight Blvd.
Scottsdale, AZ 85260

3200 North
Central Avenue
Suite 1800
Phoenix Arizona
85012-2438
Tele 602 279 8500
Direct 602 279 8519
Fax 602 263 8185
Email DMaynard@mmcec.com

Re:   *Ultimate Creations, Inc., et al. v. Vince McMahon*
      CV 06-0535-PHX-ROS

Dear John:

This is to confirm our conversation of Monday, June 9, 2008. I advised you that my client was in Spain and he would not be attending the depositions. We discussed the idea of the Plaintiff dismissing with prejudice the two counts that are currently pending in district court and each side to bear its own attorneys' fees and costs. I have sent that proposal to my client via e-mail because I do not have a the phone number for him in Spain. I have not heard from him yet. As you are aware, he is training ad preparing for a wrestling match at the end of the month. I hope to hear from him some time before the end of the week and will contact you as soon as I do.

Additionally, pursuant to the Court's Order, we discussed my taking Mr. McMahon's deposition in Connecticut. I told you that I decided not to take Mrs. McMahon's deposition under the circumstances but I am available to take Mr. McMahon's deposition in Connecticut on either June 16 or 18. You were going to check and see if he was available on those days. Please let me know so that I can make travel arrangements and arrangements with a court reporting firm in the area. Please let me know what town in Connecticut is the most convenient for Mr. McMahon.

John T. Gilbert, Esq.
June 11, 2008
Page 2

    Additionally, as you are aware, the Ninth Circuit has set oral argument on the two counts of the complaint that Judge Silver has transferred back to the state court. I propose that we file a motion with Judge Silver requesting that all discovery be stayed pending the outcome of the Ninth Circuit's decision. In the event that the Ninth Circuit sends these two counts back to Judge Silver, we will have to take discover on those two counts, which would include depositions of each of our clients. Alternatively, if the Ninth Circuit agrees with Judge Silver's analysis and sends the case back to state court, we will still be taking the depositions of our clients and additional discovery in state court. It seems to me it is prudent to move to stay the current discovery until we have a decision from the Ninth Circuit so that only one deposition of each client is necessary.

    Please get back to me at your earliest convenience so that we can resolve these outstanding issues. Additionally, as I have indicated, once I hear from my client, I will let you know.

                Very truly yours,

                Daniel D. Maynard

DDM/st
c: Warrior
F:\CLIENTS\ULTIMA11.162\WWE.004\LTRS\Gilbert-13.wpd

# EXHIBIT D

LAW OFFICES
# ALVAREZ & GILBERT, PLLC

NORTHSIGHT FINANCIAL OFFICE PARK
14500 N. NORTHSIGHT BLVD. SUITE 216
SCOTTSDALE, ARIZONA 85260

WWW.ALVAREZ-GILBERT.COM
TEL: 602-263-0203
FAX: 480-686-8708

*John T. Gilbert*
*Donald R. Alvarez*
*Steven G. Ford*
*Randy A. McCaskill\**
*Pele K. Peacock*

*\* Also admitted in Washington*
EMAIL: JTGILBERT@AOL.COM

June 13, 2008

**VIA FACSIMILE: 602-263-8185**

Daniel D. Maynard Esq.
Maynard Murray Cronin Erickson
 & Curran, P.L.C.
3200 Central Avenue, Suite 1800
Phoenix, Arizona 85012

> Re: Ultimate Creations, Inc., Warrior and Danna Warrior v. Vincent K. McMahon, Linda McMahon, Titan Sports, Inc. and World Wrestling Entertainment, Inc.
> Case No. CV06-0535-PHX-ROS

Dear Dan:

Responding to your letter of June 11, 208, Mr. McMahon is not available to be deposed on either June 16 or June 18. As the Chairman of a publicly-traded company, and particularly in light of WWE's weekly television production schedule, Mr. McMahon's calendar is extremely tight. On the two dates on which you have indicated that you are available, Mr. McMahon has preexisting commitments that cannot be rescheduled. On Monday, June 16, Mr. McMahon will be in Salt Lake City producing WWE's weekly live television show, and on Wednesday, June 18, Mr. McMahon has a number of scheduled engagements, including preexisting meetings involving people outside of WWE.

In any event, we believe that it would be highly unfair and prejudicial for you to depose Mr. McMahon when we have been repeatedly thwarted in our attempts to depose Warrior. Indeed, based on Warrior's repeated failure to appear for his duly noticed depositions, we have filed a motion for sanctions seeking the dismissal of the Amended Complaint and thus it would be highly inappropriate to depose Mr. McMahon under these circumstances.

Page 2
June 13, 2008

   Your letter also requests that we stipulate to stay discovery in the District Court case pending a decision from the Ninth Circuit. We decline your proposal.

           Very truly yours,

           ALVAREZ & GILBERT, PLLC

           John T. Gilbert

JTG:ndk
cc: Curtis Krasik, Esq.